UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.
SHANIA GARD,

                        Plaintiff,                      **COMPLAINT**

      -against-

1388 HYLAN LLC d/b/a MCDONALD'S and BAY    **PLAINTIFF DEMANDS**
HYLAN ENTERPRISES, INC. d/b/a MCDONALD'S,    **A TRIAL BY JURY**

                        Defendants.
------------------------------------------------------------------X

      Plaintiff SHANIA GARD ("Plaintiff"), by her attorneys, PHILLIPS & ASSOCIATES Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. This civil rights action constitutes a textbook example of an employee whose hiring process came to a screeching halt when her employer discovered that she was pregnant.

2. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, New York State Executive Law §§ 296 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-107 *et seq.* ("NYCHRL"), and seeks damages to redress the injuries she has suffered as a result of being **discriminated against solely due to her sex/gender (female) and pregnancy**.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

3. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state

and city law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as Defendants reside within the Eastern District of New York and the acts complained of occurred therein.

6. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 2, 2019; (b) receiving a Notice of Right to Sue from the EEOC on July 29, 2019; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a copy of the transmittal letter to the NYCCHR *et ano.*, is annexed hereto as Exhibit B.

## **PARTIES**

7. At all relevant times, Plaintiff was and is a resident of the State of New York and County of New York.

8. Plaintiff worked at a franchised McDonald's restaurant located at 1388 Hylan Boulevard, Staten Island, New York 10305 ("McDonald's"), which is operated by Defendants 1388 HYLAN LLC d/b/a MCDONALD'S ("1388 HYLAN") and/or Defendant BAY HYLAN ENTERPRISES, INC. d/b/a MCDONALD'S ("BAY HYLAN").

9. Upon information and belief, Defendant 1388 HYLAN was and is a domestic limited liability company duly existing pursuant to, and by virtue of, the laws of the State of New York.

10. Upon information and belief, Defendant 1388 HYLAN employs at least fifteen (15) or

2

more employees.

11. Upon information and belief, Defendant BAY HYLAN was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York, which has a principal executive office located at 154 Commack Road, Suite 220, Commack, New York 11725.

12. Upon information and belief, Defendant 1388 HYLAN employs at least fifteen (15) or more employees.

13. Defendants are joint employers. As such, there are commonalities of hiring, firing, discipline, pay, insurance, records, and supervision.

14. Upon information and belief, Defendants BAY HYLAN and/or 1388 HYLAN both own and/or operate a McDonald's located at 1388 Hylan Boulevard, Staten Island, New York 10305, where they operate a McDonald's restaurant as Franchisees, and where the discriminatory conduct took place.

15. Upon information and belief, Defendants 1388 HYLAN and/or BAY HYLAN, would have been the entities paying Plaintiff had she not been unlawfully terminated so soon after being hired.

16. At all relevant times, Plaintiff was an employee of Defendants.

## MATERIAL FACTS

17. In or around November 2018, Michelle Gard ("Ms. Gard"), Plaintiff's aunt and Crew Member at McDonald's, spoke to the Restaurant's management about Plaintiff being interested in working at the Restaurant.

18. On or about December 3, 2018, Plaintiff went to McDonald's and spoke to Rashad (Last Name Unknown) ("Rashad"), the Manager of that McDonald's, who provided Plaintiff with an application for employment. At that time, Rashad also made a copy of Plaintiff's

3

ID.

19. After Plaintiff filled out the application for the position of "Crew Member," Rashad told her that he would review her paperwork and get back to her.

20. On or about December 6, 2018, Ms. Gard called Plaintiff and asked her what days she wanted to work. Ms. Gard advised Plaintiff that she would be put on the schedule for six days and get one day off. Plaintiff responded that she would need at least Fridays off.

21. On or about December 7, 2018, Cathy (Last Name Unknown) ("Cathy"), a Manager at Defendants, called Plaintiff and requested a meeting with her.

22. Later that day, Plaintiff met with Cathy, who told Plaintiff that she would be on the work schedule of the Restaurant for five days a week, including weekends, and that she wanted Plaintiff to work during her holiday breaks. Cathy then asked if Plaintiff was okay with working during the holiday breaks.

23. Plaintiff responded that she was willing to work during her holiday breaks but may need time to go to doctor appointments.

24. Cathy then inquired into what Plaintiff's doctor's appointments would be for.

25. Plaintiff responded that she was pregnant and that she was four months along.

26. Cathy then abruptly excused herself from the meeting with Plaintiff, without explanation.

27. Soon after, Cathy returned and told Plaintiff that she could not hire Plaintiff because she was pregnant since she would not be able to lift things.

28. Upon information and belief, when Cathy excused herself from the meeting, she spoke to Rashad, who told Cathy that they would not hire Plaintiff because she was pregnant.

29. Plaintiff asked Cathy for a clarification, as she was offended by Cathy's discriminatory comments.

30. Cathy stated that Plaintiff might get burned on the job and that she would not be able to

4

lift things.

31. Cathy then stated that "[Rashad] wouldn't let you work here. I'll try to convince him, but I know he wouldn't do it. I will get back to Michelle."

32. Later that day, Plaintiff called the Corporate Department of McDonald's Corporation and McDonald's USA, LLC ("McDonald's Corporate") multiple times and eventually lodged a complaint, detailing that she was denied employment at the Restaurant because she was pregnant. The individual that Plaintiff spoke with took Plaintiff's information and said that she would file the complaint.

33. On one of Plaintiff's calls to McDonald's Corporate, Plaintiff was told that she must call the specific McDonald's restaurant where the discriminatory incident took place and get their own complaint hotline in order to lodge a complaint.

34. On or about December 9, 2018, Ms. Gard spoke to Cathy who said that she was trying to convince Rashad that Plaintiff should be hired.

35. However, as of the date of this Complaint, Plaintiff has not heard back from any of the Defendants about her complaints.

36. Had Plaintiff not been unlawfully discriminated against, solely due to her sex/gender and pregnancy, Plaintiff would have made $13.50 per hour until December 30, 2018 and $15.00 per hour from December 31, 2018 onwards, and would have worked approximately forty (40) hours per week.

37. Plaintiff had an expected 2019 annual salary of **$31,200.00**, based on the $15.00 per hour pay rate (which goes into effect on December 31, 2018), plus benefits.

38. **Defendants failed to hire Plaintiff based on her pregnancy and gender**.

39. **In the alternative, Defendants hired Plaintiff and then terminated her once they found out she was pregnant**.

5

40. Plaintiff has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

41. **Defendants' actions and conduct were intentional and intended to harm Plaintiff.**

42. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

43. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional distress.

44. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

45. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against all Defendant, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### DISCRIMINATION UNDER TITLE VII
### (Not Against Defendant BAY HYLAN)

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment, based, in whole or in part, upon an employee's **pregnancy** and **gender (female)**.

6

48. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §§2000e et seq. by discriminating against and failing to hire Plaintiff because of her pregnancy and gender (female).

## AS A SECOND CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYSHRL

49. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. Executive Law § 296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

51. Defendants engaged in an unlawful discriminatory practice by discriminating against and failing to hire Plaintiff because of her pregnancy and gender (female).

## AS A THIRD CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYCHRL

52. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. The New York City Administrative Code §8-107(1) provides that,

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment." (emphasis added).

54. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against and failing to hire Plaintiff because of her gender (female) and pregnancy.

## JURY DEMAND

55. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL, in that Defendants discriminated against, and failed to hire Plaintiff on the basis of her **pregnancy** and **sex/gender (female)**;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
       August 30, 2019

                                      **PHILLIPS & ASSOCIATES,**
                                      **ATTORNEYS AT LAW, PLLC**

By:    _/s/ Brittany A. Stevens_
        Brittany A. Stevens, Esq.
        Katerina Housos, Esq.
        *Attorneys for Plaintiff*
        45 Broadway, Suite 620
        New York, New York 10006
        T: (212) 248-7431
        F: (212) 901 – 2107
        bstevens@tpglaws.com
        khousos@tpglaws.com